UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA GREIS,

       Plaintiff,

                                              Civil Case No. 23-10185
v.                                          Honorable Linda V. Parker

JUDGE VALENTINE and
JUDGE SAVIN,

       Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

      This action arises from state court proceedings in which Plaintiff was a party and Defendants were the presiding judicial officers. Defendants are judges in the Circuit Court for Oakland County, Michigan. In a Complaint filed January 19, 2023, Plaintiff asserts that, during the state court proceedings, Defendants violated her constitutional rights, were negligent and biased, engaged in misconduct, and abused their power. The Complaint is subject to summary dismissal because Plaintiff's claims are not arguably plausible for the reasons discussed below. *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (citing cases supporting the proposition that "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (affirming district court's sua sponte dismissal of complaint against a federal judge based on his rulings in the plaintiff's earlier case).

Defendants are entitled to absolute judicial immunity. *Metzenbaum*, 55 F. App'x at 730 (citing *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997)). As the Sixth Circuit explained in *Barnes*:

> It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, . . . (1991); *Forrester v. White*, 484 U.S. 219, . . . (1988); *Stump v. Sparkman*, 435 U.S. 349 . . . (1978); *Pierson v. Ray*, 386 U.S. 547 . . . (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 . . . (1872). Immunity from a § 1983 suit for money damages is no exception. *See Pierson*, 386 U.S. at 554, 87 S. Ct. at 1217-18. The doctrine of judicial immunity is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine*, 508 U.S. at 435 . . ..

105 F.3d at 1115 (brackets omitted). The doctrine of absolute judicial immunity protects "a sweeping range of judicial actions." *Id.* "In fact . . . 'a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority,' nor 'if his exercise of authority is

flawed by the commission of grave procedural errors.'" *Id.* (quoting *Stump*, 435 U.S. at 356, 359) (brackets omitted).

Absolute judicial immunity is overcome only by (1) "non judicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. (quoting *Mireles*, 502 U.S. at 11-12). The actions of Defendants described in Plaintiff's Complaint were undisputedly taken in their judicial capacity, that being presiding over the proceedings in which Plaintiff was a party. *See id*. The Complaint contains no allegations suggesting that Defendants' actions were in the absence of jurisdiction.

While Plaintiff fails to clearly specify in her Complaint what form(s) of relief she is seeking in this action, judicial immunity bars the action against Defendants to the extent she seeks monetary damages. Any tort claims also are barred by Michigan's governmental immunity statute. *See* Mich. Comp. Laws § 691.1407(5). To the extent Plaintiff is seeking review of Defendants' judicial decisions (whether in the form of injunctive or declaratory relief), her request is barred by the *Rooker-Feldman* doctrine. *See Coleman v. Governor of Michigan*, 413 F. App'x 866, 870-71 (6th Cir. 2011) (describing the doctrine announced in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which "prohibits district courts from

3

conducting appellate review of state court decisions"). The *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (quoting *Luber v. Sprague*, 90 F. App'x 908, 910 (6th Cir. 2004)). Any challenge Plaintiff wishes to bring to Defendants' decisions in the state court proceedings must be raised in the state appellate courts and then, if necessary, the United States Supreme Court.[1] *Coleman*, 413 F. App'x at 872.

For these reasons, Plaintiff's Complaint is **SUMMARILY DISMISSED**.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 30, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 30, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager

---

[1] It appears that Plaintiff in fact has already tried unsuccessfully to appeal the state trial court's decisions. *See Glowacki v. Glowacki*, No. 350691, 2021 WL 2384849 (Mich. Ct. App. June 10, 2021), *leave to appeal denied*, 971 N.W.2d 643 (Mem.) (Mich. 2022). The attachments to Plaintiff's Complaint (*see* ECF No. 3) suggest that Plaintiff's married name was Glowacki.